# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE:  ASBESTOS LITIGATION:   )
   )
HENRY STOWERS, and LAURA   )
STOWERS,   )
   )
     Plaintiffs,   )
   )
      v.   )   C.A. No. N14C-09-234 ASB
   )
BIRD INC., *et al.*,   )
   )
     Defendants.   )

April 4, 2017

## ORDER

*Upon Defendant Bird Inc.'s*
*Motion for Summary Judgment.*  **GRANTED**.

Plaintiffs cannot satisfy the summary judgment criteria on the issues of product identification and causation.[1]

Plaintiffs, Henry Stowers, and his wife Laura Stowers claim that Mr. Stowers was exposed to asbestos from Defendant's products which caused his lung cancer.  Plaintiffs rely on Mr. Stowers as their sole product identification witness. Mr. Stowers testified that after leaving high school he worked at Gulf gas station, and testified that while at Gulf he did about three or four brake jobs per week.  He

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

testified that he started working at McAlester Naval Ammunition Plant in March of 1966 as a sheet metal worker. Mr. Stowers testified that the piping was covered in asbestos insulation, and he rebuilt and replaced metal parts in the plant including tar kettles, boilers, and draw piping. Mr. Stowers left the ammunition plant in January 1976 and returned in 1987. He testified that between 1985 and 1987 he was a self-employed roofer, carpenter, and built cabinets. Mr. Stowers stated that he removed old shingles on roofs and replaced them with new ones. He stated that the new shingles were made by Owens-Corning and Heritage, but he was unaware of the manufacturer of the roof felt. He also did not know the manufacturer of the old roof materials he removed. He stated that he used Bird roofing cement around the openings of pipes that came through the roof. He applied the cement with a trowel, and cleaned the trowel with a buffing wheel attached to a grinder which created black dust that he breathed in.

Defendant contends that Plaintiffs cannot show the roofing cement released asbestos fibers under Oklahoma law. Plaintiffs argue that there is a genuine issue of material fact that Mr. Stowers' lung cause is a result of his exposure to Defendant's roof cement. Plaintiffs presented evidence from Interrogatories that Bird Inc. admittedly made and sold asbestos containing roofing products. At Oral Arguments, an issue came up regarding an expert report. In Defendant's papers, Defendant argued that Plaintiffs failed to submit an expert report from an industrial

hygienist or other qualified professional linking Mr. Stowers' injury to Defendant's roof cement. Exhibit B of Plaintiffs' response Motion is an expert report from Dr. Sanford M. Ratner stating that "Mr. Stowers was exposed to asbestos from 1966-1976 as sheet metal mechanic and while performing brake and carpentry work." In his opinion, "to a reasonable degree of medical certainty, Mr. Stowers' primary lung cancer arose as a result of his exposure to asbestos." Nothing in the report links Mr. Stowers' injury to Bird roof cement. At oral argument, Plaintiffs presented an Expert report dated January 30, 2017, e-filed on February 9, 2017. The expert report from Jonathan L. Gelfand, M.D. states that Mr. Stowers was exposed to asbestos containing roofing cement manufactured by Bird. In Dr. Gelfand's opinion, he stated but for Mr. Stowers' "accumulated burden of exposure to asbestos dust from each asbestos-containing product" he would "not have metastatic adenocarcinoma of the lung with a poor prognosis for survival."

Under Oklahoma law, plaintiffs in asbestos-related injury cases "must prove that the product was the cause of the injury; the mere possibility that it might have caused the injury is not enough."[2] A plaintiff must establish that there was a "*significant probability*" that a defendant's products caused their injuries.[3] In *Dillon v. Fibreboard Corp.*,[4] the Tenth Circuit acknowledged that Oklahoma's

---

[2] *Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974).
[3] *Case v. Fibreboard Corp.*, 743 P.2d 1062, 1067 (Okla. 1987) (emphasis added).
[4] 919 F.2d 1488 (10th Cir. 1990).

"significant probability" standard was "strikingly similar" to what is now readily known as the *Lohrmann* standard,[5] and endorsed the district court's application of the Oklahoma standard while approving the "well-formulated" analysis adopted in *Lohrmann*.[6] Plaintiffs rely on Interrogatories attached to their response Motion as Exhibit A. Defendant Bird's answer states:

> Bird purchased a great deal of its asbestos-containing cements and coatings from other companies to be relabeled as Bird. However, it did manufacture some of its own. Most of the cements and coatings were believed to contain asbestos. It is believed that chrysotile asbestos was used in these products, with the exception of one type that would have utilized Finnish anthophyllite fiber. . . The asbestos fiber was fully encapsulated into asphalt. The products would also have been sold in different formulations under varying trade names for specific varying purposes.

Plaintiffs failed to demonstrate beyond speculation that there is a significant probability, under Oklahoma law, that Defendant's product caused Mr. Stowers' injuries. Beyond speculation, the record lacks evidence supporting Plaintiffs' contention that Mr. Stowers worked with asbestos roof cement that released asbestos fibers. Even if this Court accepts Plaintiffs' expert report dated January 30, under Oklahoma law, the mere possibility that Defendant's product caused Mr. Stowers' injury is not enough to survive summary judgment.[7] The only evidence Plaintiffs offered demonstrating that Mr. Stowers worked with asbestos roof

---

[5] *Lohrmann v. Pittsburgh Corning Corp*, 782 F.2d 1156 (4th Cir. 1986).
[6] *See Dillon*, 919 F.2d at 1491.
[7] *Id.*

cement was from Defendant's answer to Interrogatories stated above. The answer states that Bird manufactured asbestos containing roof cement; however, there is no evidence in the record linking Mr. Stowers to Defendant's asbestos containing roof cement beyond speculation.

Accordingly, Defendant Bird Inc.'s Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**